UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

IN RE:

ANA MILAGROS RODRIGUEZ
a/k/a ANA MILAGROS MARTE

                Debtor,

-------------------------------------------------------------x

ANA MILAGROS RODRIGUEZ
a/k/a ANA MILAGROS MARTE,

                Plaintiff

-against-

NEW YORK STATE HIGHER EDUCATION
SERVICES CORPORATION,

                Defendant

-------------------------------------------------------------x

Bankruptcy Case No. 17-46466-ess

Adv. Proc. No.

COMPLAINT

Chapter 7

Judge: Elizabeth S. Stong

        Plaintiff, ANA MILAGROS RODRIGUEZ, a/k/a ANA MILAGROS MARTE, Debtor herein by her attorney, JOAN L. BRANBAUM, ESQ., JOCELYN SMITH, of Counsel, DC 37 MUNICIPAL EMPLOYEES LEGAL SERVICES PLAN, as and for her complaint against the Defendant to determine the dischargeability of a loan which purports to be an "educational loan," respectfully states as follows:

## NATURE OF THE ACTION

        1. This is an adversarial proceeding brought on behalf of the Debtor who seeks a declaration that the loan made by defendant to her does not constitute an "educational loan" under Bankruptcy Code §523(a)(8) and, therefore, such loan should not be excepted from discharge pursuant to §523 of the Bankruptcy Code.

## JURISDICTION AND VENUE

2. On December 1, 2017, the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code.

3. This is a core proceeding pursuant to 28 U.S.C. §157 and the court has jurisdiction over this proceedings pursuant to 28 U.S.C §1334(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1409(a)

## FACTUAL ALLEGATIONS

5. Upon information and belief, the Debtor was enrolled at ASA College from 2005-2006 and again in 2007.

6. ASA College is a for-profit trade school which operates four campuses in New York State and Florida.

7. In order to finance her attendance at ASA College, the Debtor applied for and received a loan or loans from Citibank Student Loans.

8. Upon information and belief, the loan(s) was assigned to and/or purchased by New York State Higher Education Services Corporation.

9. Neither Citibank Student Loans nor ASA College is a governmental unit nor a non-profit institution.

10. This loan was not a qualified education loan as defined in Section 221 (d) (1) of the Internal Revenue Code.

## FIRST CLAIM FOR RELIEF

11. The Debtor repeats and re-alleges all previous allegations of this complaint as of fully set forth.

12. Section 523(a)(8) of the Bankruptcy Code states that an "educational loan that is a qualified education loan" is defined by reference to "Section 221(d) (1) of the Internal Revenue Code of 1986." 11 U.S.C. §523(a) (8). Section 221(d) of the Internal Revenue Code of 1986 states that a "'qualified education loan' means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses—(a) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred, (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (C) which are attributable to education furnished during a period during which the recipient was an eligible student." 26 U.S.C. §221(d) (1). The term "qualified higher education expenses" is defined in 11 U.S.C. §221(d) (2).The loan in question does not qualify as a non-dischargeable student loan.

13. Bankruptcy courts have determined that loans such as this one are dischargeable (See *Campbell v. Citibank N.A*. 547 B.R. 55 (Bankr E.D. NY, 2016); *Essangui v. SLF V-2015*, (Bankr. D. Md. Oct 2-2017- Chapter 7 Case No. 16-12984, Adv. Pro. 16-00201), *McClure v. Action Career Training*, 210 B.R. 985 (N.D. Tex. 1997) and *Decena vs. Citizens Bank*, 549 B.R. 11 (Bankr. E.D.N.Y. 2016)9reversed on other grounds).

14. The Debtor alleges that the New York State Higher Education Services Corporation debt is not an "educational loan" within the meaning of Section 523 (a)(8) of the Bankruptcy Code.

15. Since this loan was not an educational loan that was made, insured, or guaranteed by a governmental unit nor made under a program funded in whole or in part by a governmental unit or nonprofit institution, the loan should therefore be determined to be dischargeable.

WHEREFORE, plaintiff respectfully prays for judgment determining that said debt is dischargeable pursuant to Section 523(a)(8) of the Bankruptcy Code, Title 11, United States Code: that this Court make such orders as are necessary to protect or effectuate such determination; and that plaintiff has such other and further relief as is just.

Dated: New York, New York
       March 9, 2018

*Jocelyn A. Smith*
JOAN L. BERANBAUM, ESQ.
Jocelyn A. Smith, of Counsel
Attorneys for Debtor
DC 37 MUNICIPAL EMPLOYEES LEGAL
SERVICES PLAN
125 Barclay Street
New York, New York 10007
(212) 815-1860

New York State Higher Education
Services Corporation
99 Washington Avenue
Dept 736
Albany, New York 12255

Debra Kramer
Debra Kramer, PLLC
Trustee
98 Cutter Mill Road
Suite 466 South
Great Neck, New York 11021

Office of the United States Trustee
Eastern District of New York
201 Varick Street
Suite 1006
New York, New York 10004